WILLIAMS et al.

v.

WINSTON et al.

Court of Common Pleas of Ohio,
Hamilton County.

No. A–9005927.

Decided Aug. 18, 1994.

*John H. Metz,* for plaintiffs.

*Robert N. Trainor,* for defendants.

*Dinsmore & Shohl, Gary E. Becker* and *Michael H. Strong,* for Henkel Corp.

NORBERT A. NADEL, Judge.

This cause came to be heard on intervening Henkel Corporation's ("Henkel's") motion to intervene as a plaintiff pursuant to Civ.R. 24(A) [1] and (B) [2] and also the right to intervene pursuant to R.C. 4123.93(B) [3] and (D),[4] which give the right of subrogation to self-insuring employers.

---

1. Civ.R. 24(A), intervention of right, provides: "Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

2. Civ.R. 24(B), permissive intervention, provides: "Upon timely application anyone may be permitted to intervene in an action: * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

3. R.C. 4123.93 provides:

"(B) * * * a self-insuring employer, for the amount of compensation and benefits paid to or on behalf of his employee for an injury * * * compensable under [the Workers' Compensation Act], less the amount of reasonable attorney's fees and court costs actually incurred by the employee in the action, [is] subrogated to all of the rights of that employee against a third-party tortfeaser involving that compensable injury * * *."

4. R.C. 4123.93(D) provides:

"The right of subrogation which inures to the benefit of the administrator, employer, or self-insuring employer under division (B) of this section is automatic and applies only if the employee is a party to an action involving the third-party tortfeasor."

According to R.C. 4123.93(B), which was enacted in 1993, the right of subrogation for a self-insured employer in an action involving an injury to a party employee against a third-party tortfeasor is automatic. However, when this case was originally filed in 1990 there was no automatic right of subrogation. Therefore, the question remains as to whether amended R.C. 4123.93 may be applied retroactively so as to permit Henkel to intervene and subrogate the claim of Henkel's injured employee, Vernon M. Williams, plaintiff. The claim arose when Williams went to seek medical care after receiving an injury on the job. While receiving medical treatment, Williams allegedly received a permanent disability injury from the treating physician. Williams is currently seeking compensation for loss which stems from the alleged injury, and it is this claim in which Henkel wishes to intervene.

■ Under the Constitution of Ohio, Section 28, Article II:

"The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state."

This provision has been interpreted as prohibiting the enactment of retroactive laws that affect substantive rights, and does not apply where remedial rights are involved. *Weil v. Taxicabs of Cincinnati, Inc.* (1942), 139 Ohio St. 198, 203–204, 22 O.O. 205, 208, 39 N.E.2d 148, 151, citing *State ex rel. Slaughter v. Indus. Comm.* (1937), 132 Ohio St. 537, 539, 8 O.O. 531, 532, 9 N.E.2d 505, 506–507; *Safford v. Metro. Life Ins. Co.* (1928), 119 Ohio St. 332, 164 N.E. 351; *State ex rel. Michaels v. Morse* (App.1956), 75 Ohio Law Abs. 536, affirmed (1956), 165 Ohio St. 599, 60 O.O. 531, 138 N.E.2d 660. Thus, if a law "creates a right or imposes an obligation where none existed before and * * * relates back * * * as to confer upon a party the benefit of such right or the burden of such obligation, effective before the effective date of the law," the law is unconstitutional. *Weil,* 139 Ohio St. at 204, 22 O.O. at 208, 39 N.E.2d at 151.

■ In the present case, Henkel is asserting that the newly acquired right is to be applied retroactively so as to allow Henkel to intervene in the cause of action which had vested in Williams prior to the amendment of R.C. 4123.93. However, it would be unconstitutional for the court to allow the provision to be read so as to apply retroactively. While amended R.C. 4123.93 gives employers the automatic right to subrogate the rights of their employees in a tort action, Ohio's Constitution prohibits laws that confer a new right on a party to be applied retroactively. Therefore, the court finds that amended R.C. 4123.93 may not be

applied retroactively and Henkel has no right to automatically intervene in a case that was filed before the right of subrogation was conferred on it.

■ In holding that Henkel has no automatic right of intervention under amended R.C. 4123.93, the court must now determine whether to permit intervention under either Civ.R. 24(A) or (B). The court denies Henkel's motion to intervene under both Civ.R. 24(A) and (B) for the following reason. When one seeks to intervene under Civ.R. 24, one's application must be timely made. Civ.R. 24(A) and (B). In the case at bar, the court finds that the motion is untimely, as the case is now set for pretrial conference after having been pending for four years. To allow a third party to intervene at this late date would not only unduly delay the adjudication of this case, it would unfairly prejudice the original parties.

Accordingly, it is hereby *ordered* that the motion of Henkel Corporation to intervene as a plaintiff is hereby denied.

It is further ordered that this case is set on September 20, 1994 at 1:30 p.m. for pretrial conference.

*So ordered.*