BATES et al.

v.

SHERWIN–WILLIAMS COMPANY et al., Appellees;

LTV Steel Company, Appellant.

[Cite as *Bates v. Sherwin–Williams Co.* (1995), 105 Ohio App.3d 529.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67039.

Decided Aug. 7, 1995.

*Lawrence W. Corman,* for Barbara and Donald Bates.

*William M. Kovach,* for appellees Sherwin–Williams Company and U.S. Maintenance Corporation.

*Aubrey B. Willacy* and *Jody Le Perkins,* for appellant.

O'DONNELL, Judge.

On January 24, 1994, a jury returned a verdict of $194,000 in favor of Barbara and Donald Bates and against appellees Sherwin–Williams Company and U.S. Maintenance Corporation for injuries Barbara Bates suffered on June 28, 1990 when she fell in the course and scope of her employment at the LTV Steel Company.

On February 4, 1994, LTV moved to intervene in the litigation to assert its subrogated rights of $80,700 in medical expenses and benefits it paid Bates as a self-insured employer due to her injuries. LTV's claimed right of subrogation arose pursuant to amendment of R.C. 4123.93, enacted July 20, 1993, the effective date of which is controlled by *State ex rel. Ohio AFL–CIO v. Voinovich* (1994), 69 Ohio St.3d 225, 631 N.E.2d 582. The trial court conducted a hearing and on February 22, 1994 denied the motion to intervene and journalized an entry declaring that the underlying action had been settled and dismissed.

Thereafter, on February 27, 1994, LTV moved for findings of fact and conclusions of law, but the court overruled that motion. The court then issued what it titled a "Statement of Proceedings with Respect to LTV Steel Company's Appeal" on May 17, 1994, wherein it stated that intervention was denied because it would require an unconstitutional application of R.C. 4123.93 and would unnecessarily delay a completed lawsuit. LTV now appeals the court's denial of its motion to intervene raising four assignments of error.

We will consider the first two assignments of error together because they are interrelated.

In its first assignment of error, LTV argues:

"The trial court committed error prejudicial to appellant LTV Steel Company by overruling its motion for leave to intervene in proceedings ancillary to the entry of final judgment."

In its second assignment of error, LTV argues:

"The trial court committed error prejudicial to LTV Steel Company by refusing to apply Revised Code section 4123.93(B) and (D) to the jury's verdict in entering final judgment in this case, thereby depriving LTV Steel Company of its statutory right of automatic subrogation."

Essentially, LTV contends that R.C. 4123.93 gives it a right to subrogate $80,700 in benefits paid to Bates and that this right entitles it to intervene in the underlying action. Appellees counter this argument with an assertion that application of R.C. 4123.93 to this cause of action would violate Section 28, Article II of the Ohio Constitution and R.C. 1.48.

Since LTV moved to intervene pursuant to Civ.R. 24, we begin our case analysis by examining that rule. Civ.R. 24(A) states:

" * * * Upon timely application anyone shall be permitted to intervene in an action * * * when the applicant claims an *interest* relating to the property or transaction which is the subject of the action and he is so situated that disposition * * * may * * * impede his ability to protect that interest * * *." (Emphasis added.)

Here, the only interest claimed by LTV is pursuant to R.C. 4123.93, as amended. Since LTV's interest did not exist on the date of Bates's slip and fall, the only means by which it can arise is to retroactively apply the statute to the date of the incident. The issue then becomes whether this statute can be applied retroactively.

Appellees invite this court to focus on Section 28, Article II of the Ohio Constitution. While we agree that we must consider that section, we are guided by the dictates of the Supreme Court in *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, which directs our discussion of these issues.

We have also considered R.C. 1.48, which states:

"A statute is presumed to be prospective in its operation unless expressly made retrospective."

The two-part test for determination of retroactivity of a statute, as defined in *Van Fossen, supra,* is found in paragraphs one and three of the syllabus of that case.

In paragraph one the court states:

"The issue of whether a statute may constitutionally be applied retrospectively does not arise unless there has been a prior determination that the General Assembly specified that the statute so apply. Upon its face, R.C. 1.48 establishes a threshold analysis which must be utilized prior to inquiry under Section 28, Article II of the Ohio Constitution."

In paragraph three the court states:

"Analysis of whether a statute is unconstitutionally retroactive in violation of Section 28, Article II of the Ohio Constitution requires an initial determination of whether that statute is substantive or merely remedial."

In analysis of the first part of the *Van Fossen* test, we find that both parties agree that *Van Fossen* is the controlling law on the issue of retroactive application of a statute, but each differs as to the intent of the legislature in enacting R.C. 4123.93.

R.C. 4123.93 was enacted by the General Assembly as part of Sub.H.B. No. 107. LTV argues that Section 7 of Sub.H.B. No. 107 contains a clear expression of legislative intent for retroactive application. LTV cites the following excerpt from Sub.H.B. No. 107 in support of its position:

"SECTION 7. Sections 1 and 2 of this act apply to all claims for benefits or compensation, or both, filed on or after, and *to all claims pending* on the effective date of, this section * * *." (Emphasis added.)

Appellees argue that this is a workers' compensation reform bill which makes no reference to cases, actions, causes of action, suits or pending litigation. Hence, they urge a limited reading of the word "claim" in Sub.H.B. No. 107.

A thorough reading of Sub.H.B. No. 107 supports a limited application of the word "claim" restricted to those matters pending with the Bureau of Workers' Compensation. We note that the General Assembly did not include actions, causes of action, or pending litigation in Section 7, though it could have done so. If these had been included in the statute, then R.C. 4123.93 would have been made expressly retroactive to not only claims before the Bureau of Workers' Compensation, but also to causes of action and/or pending court litigation.

We conclude that the term "claim" as used in Section 7 of Sub.H.B. No. 107 refers to matters filed in the Bureau of Workers' Compensation, but does not include actions, causes of action or litigation pending elsewhere.

The trial court properly denied LTV intervention in this case, and correctly refused to apply R.C. 4123.93, because LTV failed to demonstrate an interest in this litigation as required by Civ.R. 24(A). These assignments of error are therefore overruled.

For its third assignment of error, LTV contends:

"The trial court committed error prejudicial to LTV Steel Company by ordering the official court reporter in attendance at the hearing upon its motion to intervene to make no record of said hearing."

■ LTV argues that it was prejudiced by the court's failure to order a recording of its hearing on the motion to intervene. Appellees advance the argument that a trial court is not required to hold an oral hearing on a pending motion, and that appellant should have availed itself of App.R. 9(C).

There is no requirement in the Rules of Civil Procedure that a court conduct all motion hearings on the record. An alternate means of preserving the record for appeal is provided by App.R. 9. Further, the court provided a statement of the proceedings which sets forth its reasons for denying LTV's motion to intervene. Therefore, LTV has no basis to complain that an inadequate record was presented to the appellate court.

This assignment of error is not well taken.

For its final assignment of error, LTV contends:

"The trial court committed error prejudicial to LTV Steel Company by overruling its motion for findings of fact and conclusions of law."

■ LTV argues that the court acted as a factfinder in ruling on its motion to intervene and thus was required to issue findings of fact and conclusions of law pursuant to Civ.R. 52. Appellees assert that the court ruled as a matter of law that intervention would require an unconstitutional application of R.C. 4123.93.

Civ.R. 52 concerns itself with situations where a court hears questions of fact without a jury and requires the court to state in writing findings of fact separately from conclusions of law. The rule states these findings and conclusions are "unnecessary upon all other motions," and further states:

"An opinion or memorandum of decision filed in the action * * * shall be sufficient to satisfy the requirements of this rule."

At the outset we observe that the trial court made a legal conclusion based on analysis of law, which did not require resolution of any questions of fact, which is the predicate upon which a Civ.R. 52 request must be based. Further, we note that the trial judge did prepare a statement of proceedings which outlined the court's view of the case and the law.

We conclude that there was no duty on the court to issue any findings of fact pursuant to Civ.R. 52. See *Paramount Supply Co. v. Sherlin Corp.* (1984), 16 Ohio App.3d 176, 16 OBR 186, 475 N.E.2d 197.

This assignment of error is overruled.

*Judgment affirmed.*

JAMES D. SWEENEY, P.J., and BLACKMON, J., concur.