On November 15, 1994, plaintiff-appellee Richard D. Moellman was involved in an automobile accident with defendant Holly F. Niehaus, which caused him severe and permanent injuries. The accident occurred while he was in the course and scope of his employment with intervening plaintiff-appellant, Tru Green, LP-Terminix ("Tru Green"), a self-insured employer. Consequently, Moellman received worker's compensation benefits. Tru Green paid over $23,000 on Moellman's behalf for lost wages and medical expenses.
Moellman and his wife, plaintiff-appellee Kathy Moellman, filed suit against Niehaus, seeking to recover damages for personal injury and loss of consortium. Subsequently, Tru Green filed a motion to intervene and an intervening complaint in which it alleged that it had a subrogation interest in any recovery Moellman might receive from Niehaus in the amount of workers' compensation benefits it had paid, pursuant to former R.C. 4123.93.
Niehaus had liability insurance with GRE Insurance Company with a policy limit of $12,500. By agreement of the parties, the only controversy for the trial court to decide was the priority of the parties' claims to the insurance proceeds. Tru Green and the Moellmans both submitted briefs in support of their positions, which the trial court treated as cross-motions for summary judgment. The court held that Moellman had to be "fully compensated (made whole) for his injuries and losses" before Tru Green could be reimbursed on its subrogation claim. Since he could not be made whole by a settlement for the limits of Niehaus's insurance policy, Tru Green had no right to any of the proceeds from the policy. Therefore, the trial court granted summary judgment in the Moellmans' favor. This appeal followed.
In its sole assignment of error, Tru Green states that the trial court erred in granting the Moellmans' motion for summary judgment and in denying its motion. It argues that, as the statutory subrogee under former R.C. 4123.93, it was entitled to all remaining proceeds up to the amount of its subrogated interest after attorney fees and costs had been excised from the amount of proceeds available for distribution, and that the statute did not require that the injured worker be "fully compensated" before the statutory subrogee's lien could be satisfied. We find this assignment of error is not well taken.
Former R.C. 4123.93 created a statutory right of subrogation, effective October 20, 1993, for workers' compensation benefits paid on behalf of an injured employee. Nationwide Mut. Ins. Co.v. Kidwell (1996), 117 Ohio App.3d 633, 643, 691 N.E.2d 309,315-316. It is a cumbersome statute that few courts have substantively interpreted. Further, the legislature has since repealed the statute and replaced it with a new statutory scheme set forth in R.C. 4123.93 and 4123.931, effective September 29, 1995. Kidwell, supra, at 641-642,691 N.E.2d at 315; Gregory v. Ohio Bur. of Workers' Comp. (1996), 115 Ohio App.3d 798,800, 686 N.E.2d 347, 349. The parties acknowledge that the current statutory provisions do not apply and that we must interpret the former statute.
Former R.C. 4123.93 provides in pertinent part:
 (B) * * * [A] self-insuring employer, for the amount of compensation and benefits paid to or on behalf of his employee for an injury or occupational disease that is compensable under this chapter or Chapter 4121., 4127., or 4131. of the Revised Code, less the amount of reasonable attorney's fees and court costs actually incurred by the employee in the action, is subrogated to all of the rights of that employee against a third-party tortfeasor involving that compensable injury or disease. * * *
 (D) The right of subrogation which inures to the benefit of the * * * self-insuring employer under division (B) of this section is automatic and applies only if the employee is a party to an action involving the third-party tortfeasor.
We note that the trial court did not deny that Tru Green had a right of subrogation. It merely held that the Moellmans' claims had priority over Tru Green's claim until they were fully compensated. Finding no case law interpreting the statute, the trial court relied on two cases interpreting subrogation provisions in insurance contracts.
In Blue Cross Blue Shield Mut. of Ohio v. Hrenko (1995),72 Ohio St.3d 120, 647 N.E.2d 1358, Robert Hrenko was injured in an automobile accident with an uninsured motorist. His group health insurer, Blue Cross Blue Shield Mutual of Ohio, paid for his medical expenses. When Hrenko received a settlement from his uninsured-motorist carrier, Blue Cross filed suit for reimbursement under a subrogation clause in the insurance contract. The Ohio Supreme Court held that, "[p]ursuant to the terms of an insurance contract, a health insurer that has paid medical benefits to its insured and has been subrogated to the rights of its insured may recover from the insured after the insured receives full compensation by way of a settlement with the insured's uninsured motorist carrier." Id. at syllabus (emphasis added).
In Central Res. Life Ins. Co. v. Hartzell (Nov. 30, 1995), Tuscarawas App. No. 94AP120094, unreported, Dorothy Hartzell was injured in an automobile accident. She had health insurance coverage through Central Reserve Life Insurance Company, which paid approximately $19,000 for her medical bills. The tortfeasor's insurance company offered its policy limit of $25,000. Though notified of the offer, Central Reserve took no action until Hartzell received the $25,000, which was reduced to $16,000 after attorney fees and expenses. Central Reserve then demanded reimbursement for the monies it had paid for Hartzell's medical expenses. The trial court held that Ohio law does not require an insured to be made whole before subrogation rights become applicable under a health insurance policy, and that Hartzell was bound by the terms of the group health policy to reimburse Central Reserve. The court of appeals reversed and held that the subrogation clause was unenforceable. Relying onHrenko, supra, it concluded that the evidence did not show that the Hartzells had been fully compensated. It stated:
 The purpose of insurance is to protect individuals from injury by permitting them to contract with insurance carriers. The carriers calculate and distribute the risks and liabilities and set premiums. In the case at bar, Blue Cross has accepted premiums in return for the assurance that appellants would be protected in the event they incurred medical expenses. The subrogation clause subverts this by giving Blue Cross's claims priority over the injured party's claims.
Hartzell, supra.
Like the trial court, we find this reasoning to be persuasive. We are mindful that R.C. 4123.95 dictates that we construe the workers' compensation statutes liberally in favor of the employee. State ex rel. Gassmann v. Indus. Comm. (1975),41 Ohio St.2d 64, 67, 322 N.E.2d 660, 662; Holloway v.Administrator, Bur. of Workers' Comp. (Mar. 27, 1998), Hamilton App. No. C-961038, unreported. Tru Green does not dispute that Moellman suffered grave injuries and incurred substantial damages over and above his medical expenses and other losses covered by workers' compensation. All of his damages, including economic loss, pain and suffering, and continuing medical expenses, together with Kathy Moellman's loss of consortium, far exceed the recovery available from the $12,500 limits of the tortfeasor's insurance coverage and the insurance coverage the Moellmans received from their own underinsured-motorist carrier. They are not, as Tru Green suggests, receiving any kind of windfall. As stated by the trial court, the self-insured workers' compensation insurance carrier is in a better position to absorb any loss than is the injured worker. To allow Tru Green's subrogation claim to take priority would be to deny the Moellmans their recovery. We note that, under the current statutory scheme, R.C. 4123.931(D) allows the employee the option of obtaining a special verdict or jury interrogatories indicating that a jury award represents damages other than medical expenses or compensation, which would not be subject to the right of subrogation. In re Estate of Ross
(1997), 116 Ohio App.3d 402, 408, 688 N.E.2d 303, 306-307. The former statute contains no similar provision that would allow any damages to be excluded from the right of subrogation under any circumstances. Consequently, Tru Green's interpretation of the statute would deny recovery to the injured worker.
We hold that the trial court did not err in holding that the Moellmans' claims take priority over Tru Green's subrogation claim and that it properly granted the Moellmans' motion for summary judgment. Accordingly, we overrule Tru Green's sole assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
SUNDERMANN, P.J., DOAN and PAINTER, JJ.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.