DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Scioto County Court of Common Pleas, Domestic Relations Division, which granted to Plaintiff-Appellee Howard D. Reynolds, II, visitation rights of his biological child who is in the custody of Defendant-Appellant Stephanie M. Nibert.
 {¶ 2} Appellant challenges the trial court's judgment on, essentially, two grounds. First, she alleges that the trial court utilized the incorrect statutory scheme in arriving at its decision. Second, she argues that the trial court's judgment is both against the manifest weight of the evidence as well as constituting an abuse of discretion by the trial court.
 {¶ 3} We find appellant's arguments to be without merit and affirm the judgment of the trial court.
 I. The Proceedings Below {¶ 4} In January 1999, Haley C. Reynolds was born out of wedlock to Plaintiff-Appellee Howard D. Reynolds, II, and Defendant-Appellant Stephanie M. Nibert. Shortly after Haley's birth, Reynolds and Nibert ended their romantic relationship.
 {¶ 5} In January 2000, Reynolds filed a complaint in the Scioto County Court of Common Pleas, Domestic Relations Division, requesting visitation with Haley.
 {¶ 6} In November and December 2000, a hearing was held before a magistrate on Reynolds' complaint.
 {¶ 7} In January 2001, the magistrate issued a decision finding that it was in the best interest of Haley to award visitation rights to Reynolds.
 {¶ 8} In February 2001, Nibert filed objections to the magistrate's decision.
 {¶ 9} Shortly thereafter, the trial court overruled these objections and adopted the decision of the magistrate.
 II. The Appeal {¶ 10} Nibert timely filed an appeal with this Court, assigning the following error for our review: "The court erred in granting the motion for visitation rights, in light of the movant's failure to establish that visitation is in the child's best interest as required by Ohio Revised Code 3109.12(b) and Ohio Revised Code 3109.051(c), (d), and (e)."
 A. Civ.R. 52 {¶ 11} At the outset, we note that the record is devoid of a request for separate findings of fact and conclusions of law pursuant to Civ.R. 52. As this failure severely curtails our review of this case, and there is, apparently, confusion as to the applicability of Civ.R. 52, we will briefly address this issue.
 {¶ 12} "Civ.R. 52 applies to situations where the trial court hears questions of fact without a jury and requires the court to state in writing findings of fact separately from conclusions of law." Pisani v.Pisani (Mar. 22, 2001), Cuyahoga App. No. 78744, unreported; see, generally, Bates v. Sherwin-Williams Co. (1995), 105 Ohio App.3d 529,664 N.E.2d 612. The purpose of this rule is to enable a reviewing court to determine the existence of assigned error. See Abney v. W. Rest. Mut.Case. Co. (1991), 76 Ohio App.3d 424, 602 N.E.2d 348.
 {¶ 13} It is long-standing Ohio law that a court of record speaks only through its journal, and not by oral pronouncement or written memoranda. See In re Adoption of Gibson (1986), 23 Ohio St.3d 170,492 N.E.2d 146; accord Schenley v. Kauth (1953), 160 Ohio St. 109,113 N.E.2d 625, paragraph one of the syllabus. Thus, it follows that, when a trial court is not requested to specify its ruling, it ispresumed that it followed the applicable standards and factors. See Sayrev. Hoelzle-Sayre (1994), 100 Ohio App.3d 203, 653 N.E.2d 712.
 {¶ 14} In the context of domestic-relations cases, the failure to request separate findings of fact and conclusions of law results in a presumption that, "the trial court properly applied the best interest test to the facts before it." Anthony, supra; accord Sayre v. Hoelzle-Sayre,100 Ohio App.3d at 203, 653 N.E.2d at 712. Indeed, where an appellant fails to request findings of fact and conclusions of law, "there is no way for this court to determine that the trial court did not consider the best interests of the minor child. We must presume that the court correctly followed the law * * *." Gambill v. White (June 27, 1989), Athens App. No. 1381, unreported.
 {¶ 15} Here, a large part of Nibert's argument is built on the assertion that the magistrate, and, concomitantly, the trial court, utilized R.C. 3109.051(A) when it should have utilized R.C. 3109.12(B) and 3109.051(C), (D), and (E). While we will address this argumentinfra, we note that neither statutory scheme expressly requires the trial court to unilaterally enter separate findings of fact and conclusions of law into the record. Thus, it was incumbent on the parties to make such a request pursuant to Civ.R. 52. See Sayre, supra. There is no question that neither party, in this case, made such a request.
 {¶ 16} Nibert, in her brief to this Court, appears to make a roundabout argument in defense of her failure to request separate findings of fact and conclusions of law:
 {¶ 17} "[R.C. 3109.051(F)(1)] * * * requires the [trial] court to make written findings of fact and conclusions of law, upon request of a parent denied visitation pursuant to [R.C. 3109.051(A)]. A parent denied visitation pursuant to [R.C. 3109.12 and 3109.051(C)] is not entitled to written findings of fact and conclusions of law upon request under [R.C.3109.051(F)(1)]."
 {¶ 18} This statement, while technically correct, is, nevertheless, beside the point. In the facts of the present case, no one was denied visitation as a result of the actions of the trial court. Thus, regardless of which statutory scheme is appropriate, R.C.3109.051(F)(1) would not have been invoked in this case.
 {¶ 19} Further, had visitation been denied, the statute, if applicable, would have been available only to Reynolds, not to Nibert.
 {¶ 20} Finally, and most importantly, Civ.R. 52 applies to both parties irrespective of R.C. 3109.051(F)(1). See Lollar v. Ammons (Feb. 5, 1997), Summit App. No. 17868 (explaining that, "[t]he Civil Rules apply to a domestic relations case unless modified by Civ.R. 75(B) through (N)"); see, generally, Civ.R. 75(A).
 {¶ 21} There is no proscription in either the Ohio Revised Code, or in the Ohio Rules of Civil Procedure, prohibiting the applicability of Civ.R. 52 to visitation actions.
 {¶ 22} Moreover, this is a case where the trial court heard questions of fact without a jury. Thus, Civ.R. 52 clearly applies, as well as the aforementioned case law concerning the effects of failing to utilize the rule. See Pisani, supra.
 {¶ 23} With the foregoing in mind, we will proceed to address Nibert's assignment of error.
 B. Visitation {¶ 24} Nibert argues, in her sole assignment of error, that the trial court erred in two fundamental ways. First, she presumes from the language used by the magistrate, that the magistrate relied on an improper section of the Ohio Revised Code to reach its recommendation that Reynolds should be granted visitation rights with Haley.
 {¶ 25} Second, Nibert argues that, "[i]t was an abuse of discretion to find that visitation was in the child's best interest based upon the manifest weight of the evidence."
 {¶ 26} We will address these arguments in turn.
 1. Appropriate Statutory Scheme {¶ 27} Nibert's specific argument in this regard is that, based upon the language used by the magistrate which recommended that Reynolds be granted visitation, the magistrate must have used the statutory scheme applicable to a natural father who was married to the mother at the time the child was born, R.C. 3109.051(A), instead of the statutory scheme applicable to a natural father who never married the mother, R.C. 3109.12(B) and 3109.051(C), (D), and (E).
 {¶ 28} The key difference between these two statutory schemes is the burden of proof. With the married scheme, there is a presumption that visitation with the parent is in the child's best interest. There is no such presumption with the unmarried scheme.
 {¶ 29} Nibert has simply failed to indicate a single instance in the record where the magistrate or the trial court utilized the incorrect statutory scheme. See App.R. 16(A)(7); App.R. 12(A); see, generally,Hawley v. Ritley (1988), 35 Ohio St.3d 157, 519 N.E.2d 390 (indicating that an appellate court may disregard an inadequately briefed argument); accord Early v. The Toledo Blade (1998), 130 Ohio App.3d 302,720 N.E.2d 107.
 {¶ 30} Further, our own review of the record reveals no such error.
 {¶ 31} Nowhere in the magistrate's recommendation to the trial court did the magistrate indicate which statutory scheme was utilized in arriving at the conclusion that Reynolds should be permitted visitation rights.
 {¶ 32} Likewise, there is no indication in the entry, wherein the trial court adopted the recommendation of the magistrate, that the trial court considered anything other than the correct statutory scheme in reaching its decision to adopt the magistrate's finding.
 {¶ 33} As we have explained, when a trial court is not requested to specify its ruling, as is the case here, it is presumed that it followed the applicable standards and factors. See Sayre v.Hoelzle-Sayre, 100 Ohio App.3d at 203, 653 N.E.2d at 712; accordAnthony, supra; Gambill, supra.
 {¶ 34} Accordingly, we find that Nibert has failed to overcome the presumption that the trial court followed the appropriate statutory scheme. We see no need to address this argument further.
 2. Abuse of Discretion and Manifest Weight of the Evidence {¶ 35} Nibert proceeds to argue that, "[i]t was an abuse of discretion to find that visitation was in the child's best interest based upon the manifest weight of the evidence."
 {¶ 36} "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Steiner v. Custer (1940),137 Ohio St. 448, 31 N.E.2d 855; Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 37} In reviewing challenges to the weight of the evidence, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed * * *." (Emphasis added.) C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, syllabus; see Bechtol v. Bechtol
(1990), 49 Ohio St.3d 21, 550 N.E.2d 178.
 {¶ 38} In addressing Nibert's argument, we again emphasize that, when a trial court is not requested to specify its ruling, as was the case here, it is presumed that the facts that were actually found by the trial court are those most favorable in support of its judgment. SeeSayre v. Hoelzle-Sayre, 100 Ohio App.3d at 203, 653 N.E.2d at 712; accordAnthony, supra; Gambill, supra.
 {¶ 39} "Credibility of the witnesses is not appealable. Failure to request from the trial court separate fact findings greatly reduces the power of the reviewing court of appeals. * * *. That means as a practical matter we must conclude that the trial court in this case did not believe the testimony of the [appellant] * * *. The trial court must be presumed to have concluded that [the appellee's evidence was more credible]. We have no de novo jurisdiction in this case. That means we cannot "re-decide" the facts. Driven as we are to those fact conclusions, if the trial court had any discretion to exercise in this case, no gross abuse of discretion, as that term is defined by the Ohio Supreme Court, can be said to appear." In re Adoption of Charles B. (Oct. 28, 1988), Licking App. No. CA-3382, unreported, affirmed by 50 Ohio St.3d 88, 552 N.E.2d 884.
 {¶ 40} Notwithstanding the foregoing, we note that, in the casesub judice, the magistrate's recommendation, which was adopted by the trial court, detailed much of the evidence it considered in arriving at its recommendation, as well as the credibility it assigned that evidence. Nibert merely challenges these findings by inviting us to revisit this evidence in a new light. We decline this invitation.
 {¶ 41} We find that the judgment of the trial court, adopting the magistrate's recommendation, is not against the manifest weight of the evidence. We base this on both Nibert's failure to overcome the presumption that arises when an appellant fails to request the trial court to specify its ruling, see In re Adoption of Charles B., supra, and our determination that the record contains "some competent, credible evidence going to all the essential elements of the case * * *." C.E. Morris Co.v. Foley Construction Co., 54 Ohio St.2d at 279, 376 N.E.2d at 578, syllabus.
 {¶ 42} Likewise, we find no abuse of discretion in this case as that term has been defined by the Supreme Court of Ohio. See Blakemore,supra.
 III. Conclusion {¶ 43} For the foregoing reasons, we overrule Nibert's sole assignment of error and affirm the judgment of the Scioto County Court of Common Pleas, Domestic Relations Division.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the SCIOTO COUNTY COURT OF COMMON PLEAS, DOMESTIC RELATIONSDIVISION, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Kline, J.: Concur in Judgment Only.