DIAZ, Presiding Justice,
Dissenting.
¶ 93. Because today the majority disregards our Rules of Civil Procedure and established case law regarding timely intervention, I must respectfully dissent.
¶94. The intervenors seek to participate in a case more than four years after it was finalized. Intervention in Mississippi may be achieved pursuant to our M.R.C.P. 24, which allows intervention by right and permissive intervention; in both instances the motion shall be made “[u]pon timely application_” We have previously determined that “timeliness has no fixed meaning,” and so we have considered four factors:
(1) the length of time during which the would be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene;
(2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would be interve-nor’s failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;
(3) the extent of any prejudice that the would be intervenor may suffer if his petition for leave to intervene is denied; and
(4) the existence of unusual circumstances militating either for or against a determination that the application is timely.
City of Tupelo v. Martin, 747 So.2d 822, 826 (Miss.1999) (internal citations and quotation omitted). Yet this four-factor analysis is still grounded upon the central concept of timeliness.
¶ 95. Two factors are explicitly concerned with timeliness, and the other two are intertwined with the results of timeliness or the lack thereof. Therefore, as a threshold matter, a motion must be timely. See Martin, at 826 (“Regardless of whether intervention of right or permissive intervention is sought, in either case the motion must be timely”) (emphasis added).[18]
¶ 96. Accordingly, in certain extreme cases, when the motion to intervene has been filed may be dispositive of the entire analysis. This is one of those cases. Four years is simply too long to satisfy the requirements of Rule 24. Indeed, our Court of Appeals has held that when a party had notice of an action on April 14, a motion to intervene filed later that year on December 15 is not “timely” for the purposes of Rule 24. See His Way, Inc. v. McMillin, 909 So.2d 738, 747-48 (Miss.Ct.App.2005). While in His Way seven months constituted a “substantial delay” that warranted the denial of a motion to intervene, the majority today finds that nearly fifty months is somehow timely. Id. at 748.
¶ 97. Such a result would likely not be reached in other fora. See Lioi v. Safturf Int’l Ltd., 2004 WL 2391985, *2 (Ohio App. 5 Dist. Oct.25, 2004) (when party had notice of an action three years before filing a motion to intervene a “trial court would *818 not abuse its discretion in denying [a party’s] motion to intervene on the basis of this factor standing alone”); Farrell v. Board of Com’rs, Lemhi County, 138 Idaho 378, 64 P.3d 304, 316 (2002) (denial of motion to intervene upheld when “three years had passed since the commencement of the suit”); Williams v. Winston, 65 Ohio Misc.2d 44, 640 N.E.2d 923, 925 (Com.Pl.1994) (motion to intervene “must be timely made” and motion was untimely when case has “been pending for four years”); Mohr v. State Bank of Stanley, 244 Kan. 555, 770 P.2d 466, 473-75 (1989) (motion to intervene denied as untimely when brought roughly four years after litigation began); Apodaca v. Town of Tome Land Grant, 86 N.M. 132, 520 P.2d 552, 553-54 (1974) (denial of motion to intervene upheld when filed “four and one-half years after ... litigation started” and where “[o]ther means [were] available to ... protect and assert the[ ] rights” of the intervenors); Armstrong v. Tidelands Life Ins. Co., 466 S.W.2d 407, 412 (Tex.Civ.App.1971) (petition for intervention denied when submitted “three years and nine months after suit was filed”).
¶ 98. The ruling of the majority could allow the system of checks and balances in this State to be thrust into chaos, as no procedure or policy would ever become concrete. For no matter how much time has passed — whether four years or forty— under the majority’s rule a successor in office may proceed to decimate the binding and legal contracts and arrangements of her predecessor. Such caprice should be avoided at all costs, and I am greatly concerned about the repercussions and ricochets we shall see from this decision.
¶ 99. Because today our Rules of Civil Procedure and longstanding precedent are subverted, and a noble effort to protect the lives of Mississippians is dismantled, I must respectfully dissent.

. The simpler variation of this test used in some courts is still grounded on the central concept of timeliness. See United States v. Washington, 86 F.3d 1499, 1503 (9th Cir.1996) (test for intervention is “(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay”).