### In re ESTATE OF ROSS.

[Cite as *In re Estate of Ross* (1997), 116 Ohio App.3d 402.]

Court of Appeals of Ohio,
Third District, Shelby County.

No. 17–97–05.

Decided July 17, 1997.

*Chrisman & Chrisman* and *James J. Chrisman;* and *Craig Denmead,* for appellant.

*Buckingham, Doolittle & Burroughs* and *Brett L. Miller,* for appellees Wendy's International, Inc. and Kemper Risk Management Services.

*Jeffrey J. Beigel,* for Harold and Dorothy Ross.

---

HADLEY, Judge.

RaShell L. Ross ("appellant") appeals the ruling of the trial court upholding the constitutionality of R.C. 4123.931. For the following reasons, we overrule appellant's three assignments of error and affirm the Shelby County Court of Common Pleas, Probate Division.

On November 30, 1995, appellant's husband, James B. Ross, was involved in a motor vehicle accident while acting in the course of and arising out of his duties as an employee of Wendy's. As a result of the injuries sustained in the accident, James B. Ross was pronounced dead at the scene.

A workers' compensation application was filed on behalf of appellant and her two minor children, Joshua and James Ross. Wendy's accepted, and fully certified, the application. Wendy's has continued to pay death benefits pursuant to R.C. 4123.59 to appellant and her children at a rate of $493 per week. Additionally, Wendy's paid James B. Ross's funeral expenses.

In addition to filing a workers' compensation claim, appellant also filed a wrongful death claim against James D. Horn, the driver of one of the vehicles involved in the collision. At the time of the collision, James D. Horn was insured by Trinity Universal Insurance Company. Appellant reached a settlement with James D. Horn and Trinity Universal Insurance Company. The parties agreed to settle for Horn's liability limits of $100,000.

On July 26, 1996, a hearing was held in the Shelby County Court of Common Pleas, Probate Division, to approve the partial settlement of $100,000. At that hearing, it was determined that Wendy's is a self-insured employer. Kemper Risk Management Services serves as the administrator of this self-insured workers' compensation program.

The trial court further found that pursuant to R.C. 4123.931, Wendy's and Kemper Risk Management Services ("appellees") could claim subrogation rights in the settlement proceeds offered by Trinity Universal Insurance Company. At the conclusion of the hearing, the probate court approved the settlement, distributed attorney fees, expenses, and court costs. The court then ordered the

remaining balance of $64,906.85 to remain in the client trust account of appellant's attorney until further order of the court.

On October 21, 1996, a hearing was held regarding the disposition of the $64,906.85 being held in trust. On February 7, 1997, the probate court ruled that R.C. 4123.931 was constitutional and then granted appellees' statutory subrogee claim.

On March 6, 1997, the probate court entered final judgment awarding the $64,906.85 remaining in trust to appellees pursuant to R.C. 4123.931. It is from this judgment that appellant now appeals.

## ASSIGNMENT OF ERROR NO. 1

"Since O.R.C. § 4123.931 authorizes the 'taking' of property without compensation, the court below committed prejudicial error when it found that this statute was not unconstitutional for being in contravention of Art. I, §§ 1, 16 and 19 of the Constitution of the State of Ohio."

In her first assignment of error, appellant challenges the constitutionality of R.C. 4123.931 under the Due Process Clause of the Ohio Constitution. Appellant argues that R.C. 4123.931 violates her right to due process of law because it constitutes a taking without adequate consideration. We conclude that the statute is constitutional and, consequently, affirm the trial court.

All legislative enactments enjoy a presumption of validity and constitutionality. *Adamsky v. Buckeye Local School Dist.* (1995), 73 Ohio St.3d 360, 361, 653 N.E.2d 212, 213–214; *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 199, 551 N.E.2d 938, 944–945; *Hardy v. VerMeulen* (1987), 32 Ohio St.3d 45, 48, 512 N.E.2d 626, 629–630. Unless it is shown beyond a reasonable doubt that a statute violates a constitutional provision, that statute will be presumed to be constitutional. *State ex rel. Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 585, 651 N.E.2d 995, 998, citing *Fabrey v. McDonald Police Dept.* (1994), 70 Ohio St.3d 351, 352, 639 N.E.2d 31, 32–33.

R.C. 4123.931 provides:

"(A) The payment of compensation or benefits pursuant to this chapter or Chapter 4121., 4127., or 4131., of the Revised Code creates a right of subrogation in favor of a statutory subrogee [1] against a third party. A statutory subrogee's subrogation interest includes past payments of compensation and medical benefits

---

1. A "statutory subrogee" means the Administrator of the Bureau of Workers' Compensation, a self-insuring employer, or an employer who contracts for the direct payment of medical services pursuant to R.C. 4121.44(K).

and estimated future values of compensation and medical benefits arising out of an injury to or disability * * * of claimant.

"(B) * * * No settlement * * * shall be final unless the claimant provides the statutory subrogee with prior notice and a reasonable opportunity to assert its subrogation rights. * * *

"(C) The right of subrogation under this chapter is automatic * * *.

"(D) The entire amount of any settlement or compromise of an action or claim is subject to the subrogation right of a statutory subrogee, regardless of the manner in which the settlement or compromise is characterized. * * *" (Footnote added.)

In the present case, appellant obtained a settlement with the third-party tortfeasor's insurance company in the amount of $100,000. Appellant notified appellees of the settlement offer. Appellees subsequently asserted a right of subrogation pursuant to R.C. 4123.931, as they were currently paying appellant and her children $493 a week.[2] The trial court granted appellees' subrogation right and awarded the remainder of the settlement[3] to appellees.

Appellant challenges this award, as she maintains that she was deprived of due process of law when the trial court granted appellees' subrogation rights pursuant to R.C. 4123.931. Appellant argues that the operation of R.C. 4123.931 in the present case effects a taking of her property right.[4] Therefore, appellant contends that R.C. 4123.931 is unconstitutional, as it provides that the entire amount of any settlement is subject to the subrogation right of a statutory subrogee.

Prior to the enactment of R.C. 4123.931, the Ohio Supreme Court allowed employers to recover damages for increased workers' compensation premiums from a third party whose tortious conduct injured an employee. *Ledex, Inc. v. Heatbath Corp.* (1984), 10 Ohio St.3d 126, 131, 10 OBR 449, 453–454, 461 N.E.2d 1299, 1303–1304. R.C. 4123.931 was later enacted in 1995 to provide employers with a statutory right to obtain reimbursement from a third-party wrongdoer for workers' compensation claims.

Contrary to appellant's contentions, R.C. 4123.931 does not constitute a taking of any property right. The statute merely allows the employer to be reimbursed

2. Pursuant to R.C. 4123.59(B)(1), these payments were to continue being paid until appellant died or remarried.

3. Pursuant to R.C. 4123.931(E), the trial court ordered the disbursement of attorney fees in the amount of $33,333.33 and the payment of expenses totaling $1,759.82.

4. The trial court found that "the right of the employee to workers' compensation benefits is a valuable property right."

for the benefits paid by the employer to an employee as a result of the third-party tortfeasor's tortious conduct. The employee is not deprived of adequate compensation for any injury suffered, as the benefits received by the employee under the workers' compensation laws are not diminished by the operation of R.C. 4123.931. Moreover, the statute allows the employee to retain any portion of the settlement or award greater than the employer's reimbursement expenses.

The trial court found that in appellant's situation, appellees would pay her substantially more than the $100,000 settlement.[5] Therefore, we find that no taking of any property right has occurred in the present case.

Accordingly, we find that R.C. 4123.931 is constitutional, as its operation does not deprive appellant of any due process of law. Appellant's first assignment of error is, therefore, overruled.

## ASSIGNMENT OF ERROR NO. 2

"Since O.R.C. § 4123.931 denies the citizens of this state a meaningful remedy in open court, the court below committed prejudicial and reversible error when it found that this statute was not unconstitutional for being in contravention of Art. I, § 16 of the Constitution of the State of Ohio."

In her second assignment of error, appellant contends that the trial court's enforcement of R.C. 4123.931 violated her right to a meaningful remedy. She maintains that R.C. 4123.931 destroyed any meaningful remedy to her, as her fundamental right to obtain complete satisfaction was hindered by the trial court's awarding the full settlement to appellees. Therefore, appellant requests that we find R.C. 4123.931 to be unconstitutional. Having reviewed the evidence, we find the statute to be constitutional.

Section 16, Article I of the Ohio Constitution provides in full: "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay." In interpreting the remedy portion of Section 16, Article I, the Ohio Supreme Court has determined that remedy by due course of law constitutes a meaningful remedy. *Sorrell v. Thevenir* (1994), 69 Ohio St.3d 415, 426, 633 N.E.2d 504, 513, citing *Hardy v. VerMeulen* (1987), 32 Ohio St.3d 45, 47, 512 N.E.2d 626, 628–629. Otherwise, an injured plaintiff will be denied legal recourse for any harm suffered. *Id.,* citing *Gaines v. Preterm-Cleveland, Inc.* (1987), 33 Ohio St.3d 54, 60, 514 N.E.2d 709, 715–716.

---

5. As of November 8, 1996, appellees had paid appellant $23,664 in death benefits over a forty-eight-week period. Additionally, appellees had paid James B. Ross's funeral expenses in the amount of $3,200.

■   However, a meaningful remedy does not require that appellant be provided with a perfect remedy. Rather, R.C. 4123.931 must provide her with the opportunity to obtain satisfaction for any harm sustained. We have reviewed the statute and find that it does provide appellant with a meaningful, if not completely satisfactory, remedy.

First and foremost, as noted by the trial court, appellant could have gone to trial and sought a special damages verdict defining the award as something other than compensation, medical benefits, and future estimated values of compensation and medical benefits, thereby allowing her to retain the additional money. See R.C. 4123.931(D). However, appellant settled her claim without designating the award and is now subject to appellees' right of subrogation.

Additionally, appellant was not harmed by the appellees' assertion of their right of subrogation under R.C. 4123.931. Appellant is still receiving one hundred percent compensation for her husband's death through workers' compensation. The statute is merely reimbursing appellees for the harm caused by the tortfeasor. Therefore, we can find no harm suffered by appellant requiring us to rule that R.C. 4123.931 is unconstitutional.

Moreover, the statute allows a claimant to keep any amount of an award or settlement that exceeds the value of the workers' compensation benefits. However, the record reflects that under current workers' compensation law, appellees will end up paying appellant considerably more than the $100,000 settlement. Therefore, appellant has suffered no meaningful harm and, consequently, we affirm the trial court's holding that R.C. 4123.931 is constitutional.

Appellant's second assignment of error is accordingly overruled.

## ASSIGNMENT OF ERROR NO. 3

"Since O.R.C. § 4123.931 has the affect [sic] of limiting damages for wrongful death, the court below committed prejudicial and reversible error when it found that this statute was not unconstitutional for being in contravention of Article I, § 19a of the Constitution of the State of Ohio."

■   In her third assignment of error, appellant asserts that R.C. 4123.931 violates Section 19a, Article I of the Ohio Constitution by reimbursing an employer for past and future contributions to an injured workers' compensation claimant. Section 19a, Article I of the Ohio Constitution provides: "The amount of damages recoverable by a civil action in the courts for death caused by the wrongful act, neglect, or default of another, shall not be limited by law."

■   However, Section 19a, Article I prohibits only the enactment of laws that place a specific limitation on the amount of recovery. *Kennedy v. Byers* (1923), 107 Ohio St. 90, 96, 140 N.E. 630, 632–633. In the present case, R.C. 4123.931

does not limit the amount of recovery an injured party is entitled to recover. On the contrary, R.C. 4123.931 merely compensates the employer for any past and future payments it has had, or will have, to pay as a result of the third-party tortfeasor's actions. Moreover, if the amount recovered from the tortfeasor is greater than the amount contributed by the employer under the workers' compensation law, the injured party is entitled to that additional amount. Therefore, we find that R.C. 4123.931 is not in violation of Section 19a, Article I of the Ohio Constitution.

Accordingly, we overrule appellant's final assignment of error.

For the foregoing reasons, we affirm the judgment of the Shelby County Court of Common Pleas, Probate Division.

*Judgment affirmed.*

EVANS, P.J., and SHAW, J., concur.