Barry Himmel, plaintiff-appellant, appeals a judgment of the Franklin County Court of Common Pleas. The court sustained a motion by CompuServe, Inc., defendant-appellee, for a judgment on the pleadings. We affirm.
On July 16, 1996, appellant was injured in an automobile accident with another vehicle driven by Donald Manter. Appellant filed a claim for workers' compensation benefits claiming that he was injured while he was in the course and scope of his employment with appellee. A district hearing officer ("DHO") for the Industrial Commission of Ohio ("commission") allowed appellant's claim for a lumbosacral strain, costo-chonditis, and a burn on his right forearm. Appellee appealed the DHO's decision and on September 16, 1997, a staff hearing officer ("SHO") affirmed the DHO's order and denied appellee's appeal. Appellee's appeal of the SHO's decision was denied by the commission on October 2, 1997.
On December 5, 1997, appellee filed a notice of appeal with the Franklin County Court of Common Pleas of the commission's decision. Pursuant to R.C. 4123.512(D), appellant filed a complaint with the court on December 26, 1997, requesting "an Order and/or judgment allowing him to participate and receive said benefits provided by the Ohio Workers' Compensation Act." On January 30, 1998, appellee filed an answer and a counterclaim. In its counterclaim, appellee contended that appellant "entered into a settlement agreement with [Manter's] insurance carrier, Allstate Insurance Company, on March 7, 1997" for $2,500. Appellee also alleged that contrary to the requirements of R.C. 4123.931, appellant failed to notify appellee of the settlement and, therefore, was liable to appellee for "the full amount of the subrogation interest." Appellant filed a memorandum opposing appellee's counterclaim arguing that the court did not have jurisdiction to consider the counterclaim.
Both parties filed motions for judgment on the pleadings. On August 17, 1998, the trial court granted appellant's motion for judgment on the pleadings, holding that the "facts are not in dispute, and all Parties admit that [appellant] is entitled to participate and receive benefits from the Workers' Compensation fund for the injury he sustained on July 16, 1996." After finding that the court had jurisdiction over appellee's counterclaim, the court granted appellee's motion for judgment on the pleadings. The court held that pursuant to R.C. 4123.931(B), appellee was a statutory subrogee, and that appellant was liable to appellee for the full amount of the subrogation interest.[1] The court filed its judgment entry on September 10, 1998. Appellant appeals this decision and presents the following assignment of error:
 The trial court improperly granted judgment on Defendant's Counterclaim.
Appellant argues in his assignment of error that the trial court improperly granted judgment on appellee's counterclaim because the court did not have jurisdiction over appellee's subrogation claim. Appellant claims that the only issue over which the trial court had jurisdiction was whether appellant could participate in the workers' compensation system.
Other than a decision as to the extent of disability, a claimant or the employer may appeal an order of the Industrial Commission made pursuant to R.C. 4123.511(E) to a court of common pleas. R.C. 4123.512(A). Pleadings in such a case are subject to the procedures outlined in R.C. 4123.512 and in accordance with the Rules of Civil Procedure. R.C. 4123.512(D). Civ.R. 13(A) states in part:
 Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. * * *
Civ.R. 13(A) requires all existing claims between opposing parties that arise out of the same transaction or occurrence to be litigated in a single lawsuit, regardless of which party initiates the lawsuit. Rettig Enterprises, Inc. v. Koehler (1994), 68 Ohio St.3d 274,278.
The present case came before the trial court as an appeal of a decision of the commission pursuant to R.C. 4123.512. The purpose of R.C. 4123.931 is to provide employers with a statutory right to obtain reimbursement from a third party wrongdoer for workers' compensation claims. In re Estate of Ross
(1997), 116 Ohio App.3d 402, 406. The statute "allows the employer to be reimbursed for the benefits paid by the employer to an employee as a result of the third-party tortfeasor's tortious conduct." Ross at 406-407. The statute also allows the employee to retain any portion of the settlement or award greater than the employer's reimbursement expenses. Id. at 407.
Since appellant's right to participate in the workers' compensation system and appellee's right of subrogation arise from the same transaction or occurrence (the accident between appellant and Manter), it is logical that these issues should be decided together. The allowance of appellee's counterclaim comports with the object and purpose of Civ.R. 13(A) "to avoid a multiplicity of actions and to achieve a just resolution by requiring in one lawsuit the litigation of all claims arising from common matters."Rettig, at 278. Further, a review of R.C. Chapter 4123 does not show that appellee is barred from raising its counterclaim in the present case. Therefore, we find that the trial court did not err in allowing and ruling on appellee's counterclaim. Appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS, P.J., and PETREE, J., concur.
[1] The original order stated that appellant and Manter's insurance carrier Allstate Insurance were jointly and severably liable to CompuServe for the full amount of the damages. However, Allstate Insurance was never a party in the case. We gave the trial court leave to file a Nunc Pro Tunc Judgment Entry to correct the mistake. See Civ.R. 60(A). The entry, filed on July 14, 1999, replaces the original entry and states that appellant is liable to appellee for the full amount of the subrogation interest.