DECISION AND JOURNAL ENTRY
Appellant, Kokosing Construction Co. ("Kokosing"), appeals an order of the Lorain County Court of Common Pleas, Probate Division, that found R.C. 4123.931, the worker's compensation subrogation statute, to be unconstitutional. We reverse.
 I.
In May 1996, Walter Stewart ("Decedent") was killed while in the course of his employment with Kokosing. As relevant to this appeal, he was survived by appellee Phyllis Brown-Stewart ("Claimant") and three minor children. Claimant and the minor children applied for worker's compensation benefits and received monthly benefits and payment of Decedent's medical and funeral expenses from Kokosing, a self-insuring employer under R.C.4123.35(B).
Decedent's estate was opened in the Lorain County Court of Common Pleas, Probate Division, on November 1, 1996, solely for the purpose of pursuing one or more wrongful death actions. Claimant was named administratrix of the estate. In January 1997, Claimant filed a complaint against Charles Myles, who was alleged to have negligently caused the death of Decedent. The parties agreed to a settlement of $950,000 in July 1997; the probate court approved the settlement on December 8, 1998.[1]
In October 1998, Kokosing asserted its subrogation right under R.C. 4123.931[2] and sought the sum of $418,000 from the Myles settlement.[3] Claimant moved for summary judgment on May 17, 1999, arguing that the statute was unconstitutional. Kokosing opposed the motion.[4] On August 13, 1999, the probate court granted Claimant's motion and declared R.C. 4123.931
unconstitutional. Kokosing timely appealed to this court.
 II.
Kokosing asserts three assignments of error.[5] We will address each in due course.
 A. Standard of Review
The probate court granted summary judgment in favor of Claimant on the issue of the constitutionality of R.C. 4123.931. Summary judgment is proper under Civ.R. 56(C) if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
 Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The question of whether a statute passes constitutional scrutiny is a question of law, which we also review de novo. See Long Beach Assn., Inc. v. Jones (1998), 82 Ohio St.3d 574, 576.
B. Due Process/Takings
First Assignment of Error
 The Probate Court erroneously ruled that Ohio Revised Code § 4123.931 [sic] violates Article I, §§ 1, 16 and 19 [sic] of the Ohio Constitution and the due process clause [sic] of the Fourteenth Amendment to the United States Constitution for the reasons advanced by Appellee.
 In the first assignment of error, Kokosing argues that the probate court erred by finding that R.C. 4123.931 violated due process under the Ohio and United States Constitutions. We agree.
A statute is presumed constitutional and will be declared invalid only if the challenging party demonstrates beyond a reasonable doubt that the statute violates a constitutional provision. Desenco, Inc. v. Akron (1999), 84 Ohio St.3d 535, 538. R.C. 4123.931 states:
 (A) The payment of compensation or benefits pursuant to [R.C. Chapter 4123] * * * creates a right of subrogation in favor of a statutory subrogee against a third party. A statutory subrogee's subrogation interest includes past payments of compensation and medical benefits and estimated future values of compensation and medical benefits arising out of an injury to or disability or disease of a claimant.
 (B) A claimant shall notify a statutory subrogee of the identity of all third parties against whom the claimant has or may have a right of recovery. No settlement, compromise, judgment, award, or other recovery in any action or claim by a claimant shall be final unless the claimant provides the statutory subrogee with prior notice and a reasonable opportunity to assert its subrogation rights. If a statutory subrogee is not given that notice, the third party and the claimant shall be jointly and severally liable to pay the statutory subrogee the full amount of the subrogation interest.
 (C) The right of subrogation under this chapter is automatic, regardless of whether a statutory subrogee is joined as a party in an action by a claimant against a third party. A statutory subrogee may assert its subrogation rights through correspondence with the claimant and the third party or their legal representatives. A statutory subrogee may institute and pursue legal proceedings against a third party either by itself or in conjunction with a claimant. If a claimant disputes the validity or amount of an asserted subrogation interest, the claimant shall join the statutory subrogee as a necessary party to the action against the third party.
 (D) The entire amount of any settlement or compromise of an action or claim is subject to the subrogation right of a statutory subrogee, regardless of the manner in which the settlement or compromise is characterized. Any settlement or compromise that excludes the amount of compensation or medical benefits shall not preclude a statutory subrogee from enforcing its rights under this section. The entire amount of any award or judgment is presumed to represent compensation and medical benefits and future estimated values of compensation and medical benefits that are subject to a statutory subrogee's subrogation rights unless the claimant obtains a special verdict or jury interrogatories indicating that the award or judgment represents different types of damages.
 (E) Subrogation does not apply to the portion of any judgment, award, settlement, or compromise of a claim to the extent of a claimant's attorney's fees, costs, or other expenses incurred by a claimant in securing the judgment, award, settlement, or compromise, or the extent of medical, surgical, and hospital expenses paid by a claimant from the claimant's own resources for which reimbursement is not sought. No additional attorney's fees, costs, or other expenses in securing any recovery may be assessed against any subrogated claims of a statutory subrogee.
 Kokosing, as a self-insuring employer, is a statutory subrogee. See R.C. 4123.93(B).
The probate court found R.C. 4123.931 to be unconstitutional under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Sections 1, 16, and 19, Article I
of the Ohio Constitution. Section 1, Article I of the Ohio Constitution states: "All men are, by nature, free and independent, and have certain inalienable rights, among which are those of * * * acquiring, possessing, and protecting property * * *." Section 16, Article I of the Ohio Constitution guarantees that "[a]ll courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law[.]" "The `due course of law' provision is the equivalent of the `due process of law' provision in theFourteenth Amendment to the United States Constitution." Sorrellv. Thevenir (1994), 69 Ohio St.3d 415, 422. See, also, Fabrey v.McDonald Police Dept. (1994), 70 Ohio St.3d 351, 354 (discussing the tests for due process under both constitutions). In addition, "where private property shall be taken for public use, a compensation therefor shall first be made in money[.]" Section19, Article I of the Ohio Constitution.
In support of her motion for summary judgment, Claimant argued below that R.C. 4123.931 violated these constitutional provisions because (1) under R.C. 4123.931(D), the entire amount of any settlement or judgment is subject to subrogation for worker's compensation benefits, regardless of whether or what amount of the settlement represents compensation, medical benefits, or the future value for such; and (2) under R.C.4123.931(A), the subrogation interest includes "estimated future values of compensation and medical benefits" when the future value of worker's compensation benefits may, as a result of remarriage or other condition, be less than the amount that is subject to subrogation.
In Yoh v. Schlachter (Mar. 17, 2000), Williams App. No. WM-99-008, unreported, 2000 Ohio App. LEXIS 1057, the Sixth District Court of Appeals held that R.C. 4123.931 does not constitute a taking or violate due process. The court found that the designation of the entire settlement as representing compensation and medical benefits was not unconstitutional because, under R.C. 4123.931(D), a subrogee's right to subrogation was limited to compensation and medical benefits, and the right to subrogation did not attach to the portion of an award or jury representing other types of damages, as specified by a special verdict or jury interrogatories. Yoh, supra, at *16-*18. The court also found that the statute was rationally related to the legitimate state interest of preventing double recoveries. Id. at *15-*16. The Yoh court also concluded that the subrogation of estimated future values of compensation and benefits did not violate these constitutional provisions. Id. at *19-*23.
Similar arguments were also rejected in In re Estate of Ross
(1997), 116 Ohio App.3d 402. In Ross, the Third District Court of Appeals concluded that R.C. 4123.931 does not constitute a taking or violate due process. Id. at 406-07. The court also held that the statute did not violate the "open courts" provision of Section16, Article I of the Ohio Constitution because the subrogee is merely being reimbursed for compensation that has been and will be paid and because the claimant could have avoided the presumption of R.C. 4123.931(D) by seeking a special jury verdict. Ross,116 Ohio App.3d at 408.
We find Yoh and Ross persuasive. As such, we conclude that R.C. 4123.931 does not violate the Due Process Clause or Sections1, 16 and 19, Article I of the Ohio Constitution. Accordingly, the probate court erred by holding the statute unconstitutional under those provisions and granting summary judgment in favor of Claimant. The first assignment of error is sustained.
 C. Equal Protection
Second Assignment Of Error
 The Probate Court erroneously ruled that Ohio Revised Code § 4123.931 [sic] violates Article I, § 2 [sic] of the Ohio Constitution and the equal protection clause [sic] of the Fourteenth Amendment to the United States Constitution for the reasons advanced by Appellee.
 Kokosing argues in its second assignment of error that the probate court erred by holding R.C. 4123.931 unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2, Article I of the Ohio Constitution. We agree.
"A statutory classification which involves neither a suspect class nor a fundamental right does not violate the Equal Protection Clause of the Ohio or United States Constitutions if it bears a rational relationship to a legitimate governmental interest." Menefee v. Queen City Metro (1990), 49 Ohio St.3d 27,29. The party urging the constitutionality of a statute need not support the argument with evidence; the statute may survive this lesser equal protection analysis based on rational speculation.Am. Assn. of Univ. Professors, Cent. State Univ. Chapter v. Cent.State Univ. (1999), 87 Ohio St.3d 55, 58.
Claimant argues that R.C. 4123.931 makes three legislative distinctions: (1) between claimants who receive settlements and claimants who receive jury verdicts accompanied by a special verdict or interrogatories; (2) between statutory subrogees and claimants; and (3) between claimants who seek legal recourse against third-party tortfeasors and other persons who seek legal recourse against third-party tortfeasors. Claimant does not assert that the distinctions involve a suspect class or fundamental right. Therefore, we undertake a rational basis review of the statute.
We conclude that R.C. 4123.931 furthers the legitimate governmental interest of discouraging collusive settlements that allow claimants to reap a double recovery. The statute does not allow a claimant to recover damages from a third-party tortfeasor that compensates the claimant for the same expenses and compensation for which he or she receives worker's compensation benefits. See Yoh, supra, at *15-*16.
Furthermore, the statute is rationally related to this legitimate governmental interest. R.C. 4123.931 prohibits the subrogation of compensation that is not also covered by worker's compensation benefits. Under R.C. 4123.931(E), subrogation cannot extend to any portion of a claimant's settlement or judgment that represents "attorney's fees, costs, or other expenses incurred by a claimant in securing" the settlement or judgment. A claimant also retains the portion of a settlement that represents the claimant's out-of-pocket expenses for which the subrogee has not paid. Id. As noted above, any portion of a jury award designated by interrogatories or special verdict as compensation for types of damages not covered by worker's compensation is also beyond the reach of subrogation. R.C. 4123.931(D). These protections are rationally related to the legislature's goal of preventing double recoveries by worker's compensation claimants.
Each of the three legislative distinctions asserted by Claimant are rationally related to the legitimate governmental interest of preventing double recoveries. We hold that R.C.4123.931 does not violate the equal protection guarantees of the United States and Ohio Constitutions. Therefore, the probate court's ruling to the contrary was in error, and Claimant was not entitled to summary judgment on this issue. The second assignment of error is sustained.
 D. Wrongful Death Damages Limitation
Third Assignment of Error
 The Probate Court erroneously ruled that Ohio Revised Code § 4123.931 [sic] violates Article I, § 19a [sic] of the Ohio Constitution for the reasons advanced by Appellee.
 Kokosing contends in its third and final assignment of error that the probate court erred by holding that R.C. 4123.931
violates Section 19a, Article I of the Ohio Constitution. We agree.[6]
Section 19a, Article I states: "The amount of damages recoverable by civil action in the courts for death caused by the wrongful act, neglect, or default of another, shall not be limited by law." The court in Ross, 116 Ohio App.3d at 408-09, stated:
 Section 19a, Article I prohibits only the enactment of laws that place a specific limitation on the amount of recovery. In the present case, R.C. 4123.931 does not limit the amount of recovery an injured party is entitled to recover. On the contrary, R.C. 4123.931
merely compensates the employer for any past and future payments it has had, or will have, to pay as a result of the third-party tortfeasor's actions. Moreover, if the amount recovered from the tortfeasor is greater than the amount contributed by the employer under the workers' compensation law, the injured party is entitled to that additional amount.
 (Citation omitted.) We agree with the reasoning of the Ross
court. Accordingly, the probate court erred by holding that R.C. 4123.931 was unconstitutional under Section 19a, Article I of the Ohio Constitution. The third assignment of error is sustained.
 III.
Kokosing's assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 __________________ LYNN C. SLABY
BATCHELDER, P.J., QUILLIN, J., CONCUR.
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.)
[1] Decedent's estate also filed suit against the hospital that provided care for Decedent immediately prior to his death. That action was settled for $887,500.
[2] Pursuant to Section 12, Am.Sub.H.B. No. 278, R.C. 4123.931
applies to subrogation of claims from a cause of action that accrued on or after September 29, 1995. In the case at bar, Decedent died in May 1996.
[3] Other claims asserted against the estate were for unpaid child support in the amount of $30,520.26; attorney fees and expenses in the amount of $330,516.64; and various claims of the mother, siblings and children of Decedent that totaled approximately $20,000.
[4] Kokosing also argued that the probate court lacked jurisdiction to determine the amount of the settlement that was subject to its subrogation interest under R.C. 4123.931. This issue has not been raised on appeal and therefore will not be addressed.
[5] On appeal, Claimant attempts to raise an issue not brought before the probate court. We decline to address this new argument. See LeFort v. Century 21-Maitland Realty Co. (1987),32 Ohio St.3d 121, 123.
[6] We also note that Claimant states on page 30 of her brief to this court that, "[d]ue to page limitations herein," she incorporates by reference her arguments on this issue from her briefs before the probate court. "We reiterate that incorporation by reference cannot be used to circumvent the page limitations set by [Loc.R. 7(D) of the Ninth District Court of Appeals] and will not be countenanced by this court." Cincinnati Ins. Co. v.Colelli Assoc., Inc. (June 17, 1998), Wayne App. No. 97CA0042, unreported, at 6, fn. 2, citing Durgan v. Ohio Bur. of Emp. Servs.
(1996), 110 Ohio App.3d 545, 552.