**GREGORY, Appellee,**

v.

**OHIO BUREAU OF WORKERS' COMPENSATION, Appellant.**

[Cite as *Gregory v. Ohio Bur. of Workers' Comp.* (1996), 115 Ohio App.3d 798.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE04–490.

Decided Nov. 26, 1996.

*McCarthy, Palmer, Volkema, Boyd & Thomas* and *Michael S. Miller,* for appellee.

*Betty D. Montgomery,* Attorney General, *Marcia J. Macon* and *Robert J. Byrne,* Assistant Attorneys General, for appellant.

PEGGY BRYANT, Judge.

Defendant-appellant, Bureau of Workers' Compensation, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of plaintiff-appellee, Brian Gregory, on his claim that defendant has no subrogation rights under R.C. 4123.93 in the settlement of plaintiff's claim against a third-party tortfeasor.

On August 22, 1995, plaintiff filed a complaint in the Franklin County Common Pleas Court seeking a declaratory judgment regarding defendant's rights to subrogation under R.C. 4123.93. The facts undisputed in the trial court reveal that on or about August 19, 1994, plaintiff was injured in a car accident caused by the negligence of a third-party tortfeasor, Gregory Farey. As a result of the accident, plaintiff incurred medical bills in the amount of $3,595.39 and lost wages in the amount of $1,150. Because plaintiff was acting within the course and scope of his employment at the time of the accident, defendant issued payment for medical benefits in the amount of $1,727.18, as well as compensation benefits in the amount of $875.31.

Plaintiff retained a law firm to represent him and settled his claim against the tortfeasor for $15,250; no complaint was filed in court to achieve the settlement. Pursuant to R.C. 4123.93, defendant asserted a right of subrogation in the amount of $2,602.49 against plaintiff's recovery from the third-party tortfeasor. Plaintiff denied the subrogation claim, asserting that under the explicit language of R.C. 4123.93, the right of subrogation only exists when the recipient of workers' compensation benefits is "a party to an action involving the third-party tortfeasor." Moreover, plaintiff contended that even if a subrogation right existed, under R.C. 4123.93, the amount of the claim is to be reduced by "the amount of reasonable attorney fees and court costs actually incurred by the employee." Because the amount of plaintiff's attorney fees exceeded the amount of defendant's subrogation claim, plaintiff contended that defendant could recover nothing.

After defendant's answer to the complaint, plaintiff filed a motion for summary judgment. Following briefing, the trial court issued a decision which granted plaintiff's summary judgment motion, finding plaintiff was not a party to an action under R.C. 4123.93. Further, even if defendant had a right of subrogation, the trial court found that plaintiff's reasonable attorney fees exceeded the subrogated amount, reducing defendant's recovery to nothing.

Defendant filed a motion for reconsideration, asserting that the trial court's decision conflicted with *Schultz v. Yellow Freight Sys., Inc.* (Feb. 20, 1996),

Franklin C.P. No. 95CVH–07–5034, unreported, another decision of the common pleas court by a different branch. Plaintiff responded to the motion for reconsideration, but before the motion was decided, the judgment entry granting plaintiff's summary judgment motion was filed, terminating the case. Defendant appeals, assigning the following errors:

"I. The trial court erred in defining 'action' as only a matter determined by a court, thereby frustrating the intent of the legislature to create a right of subrogation for the Bureau of Workers' Compensation.

"II. The trial court erred in reducing the subrogation claim of the Bureau of Workers' Compensation by the full amount of attorneys fees and court costs which were greater than the subrogation claim amount thereby barring any recovery by the Bureau of Workers' Compensation."

Generally, in reviewing the trial court's determination of a summary judgment motion under Civ.R. 56, we must construe the evidence most strongly in favor of the nonmoving party; summary judgment should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. Here, however, the assigned errors present no factual dispute; rather, the matter involves an interpretation of R.C. 4123.93, which provides:

"(B) The administrator of workers' compensation, for the amount of compensation and benefits paid to or on behalf of an employee * * * less the amount of reasonable attorney's fees and court costs actually incurred by the employee in the action * * * [is] subrogated to all of the rights of that employee against a third-party tortfeasor involving that compensable injury or disease.

" * * * *

"(D) The right of subrogation which inures to the benefit of the administrator * * * under division (B) of this section is automatic and applies only if the employee is a party to an action involving the third-party tortfeasor."

Preliminarily, we note that the effective date of R.C. 4123.93, originally to be October 20, 1993, was delayed due to the Ohio Supreme Court's decision in *State ex rel. Ohio AFL–CIO v. Voinovich* (1994), 69 Ohio St.3d 225, 631 N.E.2d 582. Neither party, however, disputes that it was effective on the date of plaintiff's accident and controls the issue this case presents. R.C. 4123.93 was subsequently repealed and reenacted, along with a new statute, R.C. 4123.931, effective September 29, 1995. Again, neither party suggests that the new statute governs the proceedings before us. Because no dispute exists between the parties, we do not address either the effective date of the version of R.C. 4123.93 at issue or the inapplicability of reenacted R.C. 4123.93 and 4123.931.

In its first assignment of error, defendant contends that the trial court erred in defining "action" as a matter which is determined by a court. To the contrary, defendant asserts that "action" should be given a much broader interpretation and should include settlement of any claim, whether or not a complaint was filed in court in order to achieve the settlement.

Critical to resolving defendant's first assignment of error is R.C. 4123.93(D), which allows a right of subrogation only if the employee is "party to an action involving the third-party tortfeasor." To dispose of defendant's first assignment of error, we must determine whether plaintiff was involved in an "action," given that he settled his claim against the third-party tortfeasor without having to initiate any proceedings in a court.

In determining legislative intent, a court must give effect to the words the legislature used, not deleting words used, nor inserting words not used. *Cline v. Ohio Bur. of Motor Vehicles* (1991), 61 Ohio St.3d 93, 97, 573 N.E.2d 77, 80–81. In that regard, R.C. 1.42 specifies that "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." Applying those parameters to the issue before us, we note "action" is defined in R.C. 2307.01:

"An action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right, or the punishment of a public offense."

While the definition of "action" found in R.C. 2307.01 does not appear in R.C. Chapter 4123, the definition nonetheless has bearing in determining the issue before us. R.C. Title 23 involves the common pleas courts; R.C. Chapter 2307 involves civil actions in the common pleas courts; R.C. 2307.01 specifically defines an action in those courts; and plaintiff's proceedings to recover against a third-party tortfeasor would in all probability be filed in the common pleas court. As a result, we cannot ignore the definition set forth in R.C. 2307.01 in terms of defining an "action" for purposes of R.C. 4123.93. Indeed, had the legislature intended "action" to include something beyond that set forth in R.C. 2307.01, it presumably would have included such a definition with the legislation granting defendant subrogation rights.

Further supporting the trial court's determination, the Ohio Rules of Civil Procedure, which govern proceedings in court in the exercise of civil jurisdiction, specify through Civ.R. 2 that "[t]here shall be only one form of action and it shall be known as a civil action." Similarly, the Ohio Supreme Court has defined "action" as proceedings in a court of justice. *In re Guardianship of Oliver* (1908), 77 Ohio St. 474, 479, 83 N.E. 795, 796 ("action is the formal demand of

one's right from or upon another made in a court of justice"). Given the foregoing, the term "action" has "acquired a technical and particular meaning," as plaintiff asserts and the trial court found: it involves proceedings in a court of law.

Indeed, the language of R.C. 4123.93 itself suggests a proceeding in the court system, as it specifies that the amount subrogated is to be reduced by both the amount of reasonable attorney fees "and" the court costs actually incurred by the employee in the action. Had the legislature intended to include out-of-court proceedings resulting in settlements, court costs would not be a necessary deduction, only a potential one, and the language of R.C. 4123.93 presumably would so indicate. Without such qualifying language, however, the legislation suggests that an action is a proceeding in court.

Finally, we are persuaded that the version of R.C. 4123.93 at issue does not include out-of-court settlements reached without initiating court proceedings when we examine the comparable legislation allowing subrogation rights in other instances. R.C. 3701.026 creates subrogation rights in favor of the Ohio Department of Health, while R.C. 5101.58 grants subrogation rights to the Ohio Department of Human Services. Unlike R.C. 4123.93, those two sections in granting subrogation rights include the word "claim" as well as "action"; further, they include settlement, compromise, award, or judgment in specifying those results subject to subrogation rights. By contrast, R.C. 4123.93 speaks only in terms of an "action." To interpret R.C. 4123.93 as defendant suggests would render meaningless many of the terms used in R.C. 3701.026 and 5101.58.

In the final analysis, given the language used in the statute, the definition of "action" found in statute and case law, as well as a comparison of the statutes allowing subrogation rights in varying circumstances, the trial court properly concluded that R.C. 4123.93 does not allow defendant a right of subrogation in this case. Defendant's first assignment of error is overruled.

Defendant's second assignment of error suggests that the trial court improperly ruled that defendant's subrogation rights, if any, would be reduced to zero in this case because the amount of plaintiff's attorney fees exceeds defendant's the subrogation claim. Given our disposition of the first assignment of error, however, the second assignment of error is moot, and we decline to address it. App.R. 12(A).

Having overruled defendant's first assignment of error, rendering its second assignment of error moot, we affirm the judgment of the trial court.

*Judgment affirmed.*

BOWMAN and JOHN C. YOUNG, JJ., concur.