DECISION
Plaintiff-appellant Bobby Lee Cantley was severely injured in an accident involving a meat chopper, which occurred within the scope of his employment. He received approximately $115,000 in workers' compensation benefits. Subsequently, he and his parents, plaintiffs-appellants, Robert Phillip and Evelyn Cantley, filed a product-liability suit against the manufacturer of the meat chopper, defendant Island Leasing Company. Ultimately, the Cantleys and Island Leasing settled the case, and Island Leasing paid the Cantleys approximately $1,012,000. The trial court journalized an "Agreed Entry of Dismissal," in which it ordered that, upon the agreement of the parties, "this matter and all claims related to it are dismissed with prejudice[.]"
Four months later, the court journalized another agreed entry. It stated that "[b]y agreement of the parties and with the approval of the Court, Plaintiff Bobby Lee Cantley and statutory subrogee the Ohio Bureau of Workers' Compensation * * *, the Court reopens the above-captioned case to decide the issue of the Bureau's right to subrogation against the Plaintiff's settlement of the underlying suit under R.C. 4123.93." Subsequently, the bureau filed a motion for subrogation in the amount of workers' compensation benefits it had paid to Bobby Lee Cantley, and the Cantleys filed a motion for summary judgment. The dispute involved language in former R.C. 4123.93 that allowed a deduction for "reasonable attorney fees and court costs actually incurred by the employee in the action." The Cantleys contended that this language referred to fees that the employee incurred in the action against the third-party tortfeasor, and that, because their attorney fees in the product-liability action exceeded the amount of workers' compensation benefits, the bureau should receive nothing. The bureau contended that the statute referred to attorney fees that the employee had incurred in filing the claim for workers' compensation benefits. The trial court agreed with the bureau and granted its motion for subrogation, holding that it was entitled to its subrogation interest of $115,000, less the amount of reasonable attorney fees and costs the Cantleys had incurred in securing the workers' compensation award.
The Cantleys filed a timely appeal, which we have sua sponte
removed from the accelerated calendar. In their sole assignment of error, they state that the trial court erred in granting the bureau's motion for subrogation. They contend that the contested language of former R.C. 4123.93 referred to attorney fees and costs the employee incurred in the action against the third-party tortfeasor, and, therefore, that the bureau's subrogation interest was reduced to zero. It appears that the trial court's judgment was indeed incorrect because it ignored the plain language of the former statute. See Cline v. Ohio Bur. of Motor Vehicles (1991),61 Ohio St.3d 93, 96-97, 573 N.E.2d 77, 80; Gregory v. Ohio Bur.of Workers' Compensation (1996), 115 Ohio App.3d 798, 800-802,686 N.E.2d 347, 348-350; Ohio Bur. of Workers' Compensation v. Swanger
(Aug. 3, 1999), Marion App. No. 9-99-14, unreported. However, we cannot decide that issue in view of the procedural defects that should have precluded the trial court from considering the bureau's subrogation claim.
The Cantleys filed suit against Island Leasing, the third-party tortfeasor. The bureau was never made a party to the action. The case ended with a final judgment when the trial court journalized its "Agreed Entry of Dismissal." "A judgment is final, effective and imbued with a permanent character when filed with the clerk pursuant to Civ.R 58." Atkinson v. Grumman Ohio Corp. (1988),37 Ohio St.3d 80, 83, 523 N.E.2d 851, 854, quoting Cale Products,Inc. v. Orrville Bronze Aluminum Co. (1982), 8 Ohio App.3d 375,378, 457 N.E.2d 854, 857. Except in cases involving a lack of subject-matter jurisdiction, a court has no inherent power to modify, suspend or vacate its own judgment. The Ohio Rules of Civil Procedure ordinarily limit relief from judgment to motions specifically provided for in the rules, such as a motion made pursuant to Civ.R. 60(B). Pitts v. Ohio Dept. of Transp. (1981),67 Ohio St.2d 378, 380, 423 N.E.2d 1105, 1107; Cale Products,supra, at 378-379, 457 N.E.2d at 378-379; In the Matter of theEstate of Cone (July 22, 1987), Hamilton App. No. C-860494, unreported.
In this case, the trial court journalized an agreed entry, long after the appeal time for the entry dismissing the case had run, stating that the "parties" had agreed to reopen the case. However, the court was referring not to the plaintiffs and defendant in the original action, but to the plaintiffs and the bureau, a stranger to the action that had never been made a party. The bureau could not have filed a motion for relief from judgment since it was not a party to whom the judgment applied. Further, once the case was "reopened," neither the bureau nor the Cantleys filed any appropriate motions, such as a motion to intervene or a motion for joinder, to make the bureau a party.[1] We can find no provision in the civil rules justifying the trial court's action. Civ.R. 21 does permit the trial court to add parties upon its own initiative "at any stage of the action." However, in this case, the action had long since been concluded when the trial court acted. We do not believe that the rule permits the addition of parties after the court has entered final judgment and the time for appeal has passed.
Former R.C. 4123.93, effective October 20, 1993, which applies to this action, provided that the bureau's right to subrogation was "automatic." We interpret this statute to mean that the bureau did not have to prove its right to subrogation, an exception to the general rule that the party claiming the right of subrogation must prove it. Zuellig v. Hemerlie (1899), 60 Ohio St. 27,35, 53 N.E. 447, 449; The Cleveland Trust Co. v. TheFirestone Bank (Sept. 27, 1984), Summit App. Nos. 11595 and 11599, unreported.
The legislature has since repealed former R.C. 4123.93 and replaced it with a new statutory scheme set forth in R.C. 4123.93
and 4123.931, effective September 29, 1995. Gregory, supra, at 800, 686 N.E.2d at 349; Moellman v. Niehaus (Feb. 5, 1999), Hamilton App. No. C-971113, unreported. R.C. 4123.931(C) now provides the following:
 The right of subrogation under this chapter is automatic, regardless of whether a statutory subrogee is joined as a party in an action by a claimant against a third party. A statutory subrogee may assert its subrogation rights through correspondence with the claimant and the third party or their legal representatives. A statutory subrogee may institute and pursue legal proceedings against a third party either by itself or in conjunction with a claimant. If a claimant disputes the validity or amount of an asserted subrogation interest, the claimant shall join the statutory subrogee as a necessary party to the action against the third party.
This language does not change our decision in the present case. The parties acknowledge that the current statute does not apply to the present action, and the former statute contained no such provision. Further, even if we use the current statute as a guide, we do not believe it gives the bureau or the court complete license to ignore the civil rules. The bureau's remedy would have been to timely file a motion to intervene in the action, the denial of which it could have then appealed, see Ahern v. Ameritech Corp. (May 11, 2000), Cuyahoga App. Nos. 75807, 75808 and 75809, unreported, or it could simply have filed an action in its own name against the Cantleys.
The trial court could not add new parties to the action after it had rendered final judgment in the case to litigate a separate cause of action. A judgment is final and complete when entered, and the civil rules "provide only mechanisms for relief from judgment, not mechanisms to bring new actions * * *" involving new parties after judgment. Applied Construction Technologies, Inc.v. Beaux Chateaux Dev. Co. (Sept. 10, 1998), Cuyahoga App. No. 73876, unreported. Because the bureau was not properly a party to the action, the trial court could not enter a judgment in its favor, Ahern, supra, and the trial court's judgment granting the bureau's motion for subrogation was void. Accordingly, we sustain the Cantleys' assignment of error, although on a different basis than that which they have argued, and we vacate the trial court's judgment.
 _______________________________ Doan, Presiding Judge.
 Painter and Winkler, JJ., concur.
[1] We make no ruling on whether the trial court could have properly granted these motions after the court had entered a final judgment.