OPINION
On March 26, 1994, plaintiff-appellant Kathy J. Skidmore was injured in the course of her employment in an automobile accident caused by the negligence of defendant Deborah A. Stacey. Skidmore sued Stacey and eventually settled the case. Skidmore also received $53,359.03 in workers' compensation benefits from her employer, defendant-appellee American Nursing Care (ANC), a self-insured employer under Ohio's workers' compensation laws. Skidmore's attorney fees for her case against Stacey exceeded $53,359.03.
ANC, which intervened in Skidmore's suit against Stacey, claimed that it had a right to recover the money it had paid to Skidmore. ANC claimed a right of subrogation under R.C. 4123.93. Both Skidmore and ANC filed summary-judgment motions, with Skidmore arguing that ANC was not entitled to any money, and ANC arguing that it was entitled to $53,359.03. The trial court granted summary judgment in favor of ANC. Skidmore now appeals, asserting in her sole assignment that the court erred in determining that ANC was entitled to the money.
The key to resolving this case is a former version of R.C.4123.93, which the parties agree governs here. That version of the statute stated, "[A] self-insuring employer, for the amount of compensation and benefits paid to or on behalf of his employee for an injury or occupational disease that is compensable under this chapter * * *, less the amount of reasonable attorney's fees and court costs actually incurred by the employee in the action, [is] subrogated to all of the rights of that employee against a third-party tortfeasor involving that compensable injury or disease." We follow the plain language of the statute: A self-insured employer is subrogated for the amount of compensation and benefits paid to or on behalf of its employee, less the amount of attorney fees and court costs incurred by the employee in the action.[1] The "action" refers to the court proceedings against the third-party tortfeasor.[2] In other words, attorney fees and court costs incurred in the action against the third-party tortfeasor must be subtracted from the amount of workers' compensation benefits paid to the employee.
Here, ANC paid $53,359.03 in workers' compensation benefits to Skidmore. But Skidmore incurred more than $53,359.03 in attorney fees in her action against Stacey, the third-party tortfeasor. Because the amount of attorney fees exceeded the amount of workers' compensation benefits, ANC is not entitled to recover any money from Skidmore. We sustain Skidmore's assignment. We stress that, while the result might not have been the same under the current version of the statute,[3] the current version is not at issue in this opinion.
Therefore, we reverse the judgment of the trial court and this cause is remanded for the trial court to enter judgment in favor of Skidmore.
Gorman, P.J., and Sundermann, J., concur.
[1] See State of Ohio Bur. of Workers' Comp. v. Swanger (Aug. 3, 1999), Marion App. No. 9-99-14, unreported; see, also, R.C.4123.95 ("Sections 4123.01 to 4123.94 inclusive, of the Revised Code shall be liberally construed in favor of employees and the dependents of deceased employees."); see, also, Cantley v. IslandLeasing Co. (July 21, 2000), Hamilton App. No. C-990766, unreported (suggesting that the plain language of the statute should be followed, but not specifically deciding the issue due to procedural defects in the proceedings below).
[2] See Swanger, supra; Gregory v. Ohio Bur. of Workers' Comp.
(1996), 115 Ohio App.3d 798, 801-802, 686 N.E.2d 347, 349-350.
[3] See R.C. 4123.931.