JOURNAL ENTRY and OPINION
Plaintiff-appellant, Carol Pisani, appeals pro se from the trial court's dismissal of her motion requesting access to her son's school records and the trial court's rescheduling of the hearing on visitation. We find no merit to the plaintiff's appeal and affirm the lower court's orders.
In 1994, the trial court granted a divorce to plaintiff and defendant. The trial court awarded custody of the couple's children to defendant. Although the trial court originally granted plaintiff visitation rights with her children, in a subsequent decision, the trial court completely suspended plaintiff's visitation based on her behavior.
On December 12, 1996, defendant filed a motion requesting the trial court to deny plaintiff access to the children's medical and school records based on the plaintiff's alleged harassment of the school officials and doctors. Plaintiff filed a motion in opposition to defendant's request. The trial court granted defendant's motion on January 9, 1998. Plaintiff did not directly appeal this decision. Instead, on January 16, 1998, she filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1), (2) and (3), alleging fraud or mistake on the part of the trial judge due to a pending motion for disqualification against the judge at the time the motion was ruled on. The trial court denied plaintiff's motion without opinion.
Plaintiff filed a notice of appeal on January 25, 1999, appealing the trial court's orders denying her access to the children's records and denial of her motion for relief from judgment. This court in Pisani v. Pisani (Apr. 13, 2000), Cuyahoga App. No. 75909, unreported, affirmed the trial court's judgment finding that the appeal of the original action was untimely and that plaintiff failed to set forth operative facts entitling her to relief from judgment.
On August 7, 2000, plaintiff filed another motion requesting access to her son's school records based on the fact that her son was arrested and charged with vandalizing school property. Defendant filed a motion in opposition to the plaintiff's motion arguing that collateral estoppel prevented the plaintiff from re-arguing this issue and that the matter should therefore be dismissed. On August 17, 2000, plaintiff filed her brief in reply to defendant's motion. After a hearing on the matter, the trial court on October 24, 2000, granted the defendant's motion to dismiss.
Plaintiff now timely appeals, asserting five assignments of error. We will address the assignments of error in the order asserted and together where appropriate.
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT SET A FULL DAY HEARING ON OCTOBER 20, 2000 FOR VISITATION AND ACCESS TO SCHOOL RECORDS AND THEN WHEN THE COURT KNEW THAT APPELLANT HAD SUBPOENAED THE SCHOOL AT 1:30 P.M. AND THAT HER VISITATION WITNESSES WERE WAITING TO TESTIFY AT 9:00 A.M. STATED ON THE RECORD THAT THE COURT WOULD HEAR THE TESTIMONY FOR ACCESS TO RECORDS AT 9:00 A.M. AND PUT OFF THE VISITATION TESTIMONY FOR ANOTHER DAY WHEN IT ALREADY SET A FULL HEARING FOR THE PISANI CASE ON THAT DAY.
Plaintiff argues that the trial court committed error by rescheduling the visitation hearing instead of hearing both the access to school records and visitation matters at the October 20, 2000 hearing.
Although the trial court's rescheduling the hearing may have inconvenienced the plaintiff and any testifying witnesses, plaintiff fails to show how the trial court's rescheduling the visitation hearing resulted in prejudice. Furthermore, plaintiff conceded during oral argument that the parties have entered an agreement about visitation and this is now a moot issue.
Plaintiff's first assignment of error is overruled.
 II. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR IN NOT ALLOWING APPELLANT HER RIGHT TO DUE PROCESS AND RIGHT TO DEFEND HERSELF IN WHY SHE SHOULD NOT BE DENIED ACCESS TO HER SON'S RECORDS, ESPECIALLY WHEN THE COURT-APPOINTED PSYCHOLOGIST DIAGNOSED THE CHILDREN FROM (SIC) SUFFERING FROM PARENTAL ALIENATION SYNDROME AND A CHARACTERISTIC OF THE SYNDROME IS TO KEEP EVERYTHING ABOUT THE CHILDREN AWAY FROM THE ALIENATED PARENT AND THAT REPORT IS EVIDENCE IN THIS CASE.
 IV. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR WHEN IT WAS PROCEEDING TO START HEARING TESTIMONY AND WITHOUT NOTICE RULED ON APPELLEE'S WRITTEN BRIEF AND OPPOSITION ON THE DOCTRINE OF COLLATERAL ESTOPPEL WHICH WAS ALREADY ADJUDICATED WHEN THE COURT SET APPELLANT'S MOTION FOR TRIAL ON AUGUST 24, 2000.
 V. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR WHEN IT APPLIED THE DOCTRINE OF COLLATERAL ESTOPPEL ON A DOMESTIC RELATIONS CASE INVOLVING CHILDREN AND ACCORDING TO APPELLEE'S ARGUMENT THAT THE COURT OF APPEALS ALREADY ADJUDICATED THE ISSUE WHEN THE APPEAL'S OPINION DATED APRIL 13, 2000 #75909 CLEARLY STATES THAT THE APPEAL WAS FILED UNTIMELY AND THE ACCESS TO RECORDS WAS NOT LOOKED AT BY THE COURT OF APPEALS.
We will address the above assignments of error together, as they all deal with the trial court's dismissal of the plaintiff's motion based on collateral estoppel.
We agree with the trial court's conclusion that the doctrine of collateral estoppel precludes the plaintiff from relitigating her right to her son's school records. The general definition of collateral estoppel and its proper application were recently set forth in Teachers Assn. v. SERB (1998), 81 Ohio St.3d 392, 395, as follows:
 The doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different. Norwood v. McDonald (1943), 142 Ohio St. 299, 27 Ohio Op. 240, 52 N.E.2d 67, paragraph three of the syllabus; Trautwein v. Sorgenfrei (1979), 58 Ohio St.2d 493, 12 Ohio Op.3d 403, 391 N.E.2d 326, syllabus; Goodson v. McDonough Power Equip. Inc. (1983), 2 Ohio St.3d 193, 2 Ohio B.Rep. 732, 443 N.E.2d 978, paragraph one of the syllabus. While the merger and bar aspects of res judicata has the effect of precluding the relitigation of the same cause of action, the collateral estoppel aspect precludes the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action that was based on a different cause of action. Whitehead v. Gen. Tel. Co. (1969), 20 Ohio St.2d 108, 112, 49 Ohio Op.2d 435, 437-438, 254 N.E.2d 10, 13. In short, under the rule of collateral estoppel, even where the cause of action is different in a subsequent suit, a judgment in a prior suit may nevertheless affect the outcome of the second suit. Id. At 112, 49 Ohio Op.2d at 438, 254 N.E.2d at 13.
In the case herein, the trial court in its January 9, 1998 order denied the plaintiff's motion requesting access to her son's records, stating in pertinent part: It is therefore ordered, adjudged and decreed that plaintiff shall be denied access to the identities of all care providers to the minor children to wit: Carly and Kyle Pisani, as well as all records of those providers, medical and otherwise. Plaintiff filed a Civ.R. 60(B) motion seeking to have the trial court vacate this order, which was denied. Plaintiff appealed both orders to this court, and we affirmed the trial court's judgments. The matter has therefore been heard and determined by a court of competent jurisdiction and the plaintiff cannot seek to resurrect the issue.
Although plaintiff contends that the trial court has failed to previously conduct a hearing on this matter, this is not a defense to collateral estoppel because the failure to conduct a hearing should have been brought to the attention of this court by the bringing of a timely appeal. Furthermore, the trial court has clearly previously considered the issue, albeit without a hearing, based upon the written motions submitted by the parties.
We find no authority for plaintiff's contention that the principle of collateral estoppel does not apply to domestic relations cases. In any case, the fact that the plaintiff's son was arrested and suspended from school for vandalizing school property would not be grounds to modify the prior court order denying access to the school records. Her second motion seeking access to the school records cannot be considered a motion to modify a prior court order due to changed circumstances as contemplated in R.C. Chapters 3105 and 3109.
The plaintiff's second, fourth and fifth assignments of error are overruled.
 III. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR WHEN IT RULED ON (SIC) DENIED APPELLANT ACCESS TO SCHOOL RECORDS AND ACCORDING TO LAW WITHOUT WRITTEN FINDING (SIC) OF FACT AND OPINION AS BEING AN INSUFFICIENT FINDINGS ACCORDING TO CIV.R. 52 OF R.C. 3109.051(F)(1), WITH NO EVIDENCE OR FACTS PRESENTED TO SUPPORT IT WHICH WAS PART OF THE MOTION FILED BY APPELLANT ON AUGUST 7, 2000.
Plaintiff argues the trial court was required to issue findings of fact and conclusions of law pursuant to Civ.R 52 and R.C. 3109.051(F)(1).
Civ.R. 52 applies to situations where the trial court hears questions of fact without a jury and requires the court to state in writing findings of fact separately from conclusions of law. Bates v. Sherwin-Williams Co. (1995), 105 Ohio App.3d 529, 534. In the case before us, the trial court made a legal conclusion based on an analysis of law because it dismissed the plaintiff's motion based on the legal principle of collateral estoppel. Therefore, since no factual analysis was necessary, the trial court was not required to issue findings of fact and conclusions of law. Id.
Furthermore, the purpose of separately stated findings of fact and conclusions of law is to enable the reviewing court to determine the existence of assigned error. Abney v. W. Rest. Mut. Case. Co. (1991),76 Ohio App.3d 424, 431. If the court's ruling, together with other parts of the trial court's record, provides an adequate basis upon which a reviewing court can decide the legal issues presented, there is substantial compliance with Civ.R. 52. Id. A review of the record in the instant case along with the trial court's ruling provides this court with an adequate basis upon which to decide the assignments of error presented.
Although plaintiff argues that pursuant to R.C. 3109.051(F)(1) the trial court was required to issue findings of fact and conclusions of law, we find that a review of this section indicates it pertains only to visitation and companionship issues and not to the right to access of children's records.
The plaintiff's third assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Domestic Relations Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________ COLLEEN CONWAY COONEY, J.:
MICHAEL J. CORRIGAN, J. and JAMES D. SWEENEY, P.J., CONCUR